MARK S. ALGORRI
mark@daalaw.com
CAROLYN L. TAN
DeWITT ALGORRI & ALGORRI
25 E. Union Street
Pasadena, CA 91103
Telephone No. (626) 568-4000
Facsimile No. (626) 584-3980

JAMES M. BERGENER
BERGENER & ASSOCIATES
4675 MacArthur Court, Suite 1400
Newport Beach, CA 92660
Telephone No. (949) 644-1000
Facsimile No. (949) 644-1005

Attorneys for Plaintiff
Tonya Pate, an individual, and as the Successor in Interest to and surviving spouse and heir at law, of Decedent, Eugene Robert Mallory

PAUL B. BEACH, State Bar No. 166265
DENNIS M. GONZALES, Bar No. 59414
RAYMOND W. SAKAI, State Bar No. 193507
rsakai@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles, Sheriff Leroy D. Baca, Alfonso Bertieri, Jr., John Bones, Israel Gonzalez, Nathan Grimes, Patrick A. Hobbs, Rod A. Kusch, John McKay, Robert Mittelbrun, Kristoffer J. Raniag, Jeff Siroonian, Bridgette J. Smith, Dustin Stillwell, and Pedro Velazquez

*NOTE CHANGES MADE BY THE COURT*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONYA PATE, etc., | Case No. CV 14-01395 MWF-AGR |
| Plaintiff, | Magistrate Judge Alicia G. Rosenberg |
| vs. | **STIPULATION FOR PROTECTIVE ORDER** |
| COUNTY OF LOS ANGELES; et al., | |
| Defendants. | *[[Proposed] Order filed concurrently herewith]* |

PATE\STIPULATION RE PROTECTIVE ORDER

1

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

1. <u>Plaintiffs</u>. Plaintiff is Tonya Pate, (hereinafter "Plaintiff").

2. Defendants. Defendants are County of Los Angeles, former Sheriff Leroy Baca, Alfonso Bertieri, Jr., John Bones, Israel Gonzalez, Nathan Grimes, Patrick A. Hobbs, Rod A. Kusch, John McKay, Robert Mittelbrun, Kristoffer J. Raniag, Jeff Siroonian, Bridgette J. Smith, Dustin Stillwell, and Pedro Velazquez (hereinafter "Defendants") (Plaintiff and Defendants are collectively referred to hereinafter as "the Parties").

3. <u>Disclosing Party.</u> Disclosing Party shall refer to Defendant County of Los Angeles.

4. <u>Receiving Party.</u> The Receiving Party shall refer to all Parties receiving information from Disclosing Party pursuant to this protective order, including Plaintiff. The Receiving Parties are the Parties and their agents as set forth in Paragraph Nos. 17 and 18 of this Protective Order.

5. <u>Case Summary.</u> This case arises from Plaintiff's allegations that her rights were violated by Defendants arising from the death of Decedent Eugene Mallory ("Decedent") on June 27, 2013.

6. <u>Good Cause Statement and Confidential Materials.</u> The Defendants anticipate that during discovery in this action they will exchange documents, items, or materials and other information that contain sensitive and confidential information that derives actual or potential value from not being generally known to the public and are the subject of reasonable efforts to maintain their confidentiality. Defendants believe, in good faith, that these documents and/or writings are protected by the Official Information Privilege, the right to privacy guaranteed in Federal Constitution, First Amendment and California Constitution, Article I, Section I, and various California Government, Penal, and Evidence Code sections, and thus protected from disclosure. This will be accomplished by

affixing to such document or writing a legend, such as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or words of similar effect. Documents and writings so designated, hereinafter, collectively, ("Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order. Documents, writings and things to be designated as such, include the following:

    a) Any material relating to or regarding the personnel files and/or records of any employee or former employee of the Los Angeles County Sheriff's Department ("LASD"), including Defendants;

    b) Any material relating to any personnel investigations conducted by the LASD or other law enforcement agency regarding any member or former member of the LASD, including Defendants; and,

    c) Any material relating to incidents involving Plaintiff or Decedent containing sensitive and private information regarding third parties.

7. <u>Disagreements Of Parties Over Confidential Designation Of Any Materials</u>. If the Plaintiff disagrees with the "confidential" designation of any materials, Plaintiff may file a motion during the pendency of this litigation for the purpose of challenging the Defendant's designation of "confidential" status on any materials so designated. This stipulation will not change the burden of proof required by law to establish the "confidential" status of the designated materials or the party upon whom the burden rests. Any materials addressed in a motion for the purposes of establishing their confidentiality status that are marked as "confidential" will continue to be treated as such, pending determination by the Court as to its confidential status. The following categories of documents will be deemed confidential:

    a) Any materials relating to or regarding the personnel files and/or records of any employee or former employee of the Los Angeles County Sheriff's Department, including, but not limited to the named Defendants;

    b) Any materials relating to any personnel investigations or other internal investigations conducted by the Los Angeles County Sheriff's Department regarding any member or former member of the Los Angeles County Sheriff's Department, including, but not limited to, the named Defendants;

    c) Any materials relating to incidents involving Plaintiff that contain sensitive and private information regarding third parties.

  8. <u>Justifications for Protective Order.</u> The purpose of this Order is to maintain confidential and private information of Defendants and third parties, and to protect parties or persons from annoyance, embarrassment, oppression, or undue burden or expense. Further, Defendants maintain that disclosure of such information without a protective order may compromise the safety of Defendants and third parties.

  9. <u>Stipulation.</u> The Parties are entering into this Stipulation for Protective Order to protect against any improper disclosure or risk of circumvention of law that might result from disclosure of sensitive and confidential information as described in this Order. To informally resolve this discovery matter, the Parties have agreed to this Stipulation for Protective Order that carefully limits the use and dissemination of the Confidential Information.

  10. <u>Confidential Information.</u> This Protective Order shall apply to all Confidential Information, produced by Disclosing Party to the Receiving Party, and specifically designated "confidential" by the Defendants. The Confidential Information may be contained in originals and copies of relevant interrogatory responses obtained from Disclosing Party in this matter; originals and copies of relevant documents responsive to requests for production of documents obtained from the Disclosing Party in this matter; and originals and copies of transcripts, video recordings, and audio recordings of any deposition taken in this matter during which the Confidential Information is used, mentioned, reviewed, discussed, and/or referred to. The Confidential Information shall be subject to

1  this Protective Order as follows:

2  11. <u>Storage Of Confidential Information.</u> Immediately upon production
3  by the Disclosing Party, attorneys for the Receiving Party shall personally secure
4  and maintain the Confidential Information in their possession. The Confidential
5  Information shall not, under any circumstances, be left in an open or unsecured
6  location where unauthorized persons (such as unauthorized employees of counsel,
7  cleaning personnel, etc.) might have access to them.

8  12. <u>Confidential Information Legend.</u> All documents containing
9  Confidential Information shall be stamped "CONFIDENTIAL" or
10 "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or words of similar
11 effect.

12 13. <u>Limitation Of Use Of Confidential Information.</u> Attorneys for the
13 Receiving Party shall not cause or knowingly permit disclosure of the contents of
14 the Confidential Information, in any manner, including orally, beyond the
15 disclosure permitted under the terms and conditions of this Order. Any such
16 disclosure, other than through inadvertent disclosure or excusable neglect, shall
17 be a violation of this Order, except when used for purposes of this litigation as
18 described in Paragraph Nos. 17 and 18 of this Protective Order.

19 14. <u>Testimony Regarding The Confidential Information.</u> In the case of
20 depositions, any party may designate all or any portion of the deposition
21 testimony given in this litigation as Confidential Information orally during the
22 deposition. Any questions intended to elicit testimony regarding the contents of
23 the Confidential Information shall be conducted only in the presence of persons
24 authorized to review the Confidential Information as provided in this Order. Any
25 deposition transcript containing such questions and testimony shall be subject to
26 the same protections and precautions applicable to the Confidential Information.

27 15. <u>Inadvertent Disclosure.</u> If the Disclosing Party inadvertently
28 produces any Confidential Information without designating it as such, it may be

remedied by (1) promptly notifying the other parties of the error; and (2) providing a substitute copy of the Confidential Information with a proper legend. In that event, the Receiving Parties who have obtained inadvertently produced undesignated Confidential Information will: (1) return the previously produced Confidential Information and destroy all copies thereof; and (2) if the Receiving Party has already disseminated the Confidential Information to any person, the Receiving Party will notify all such persons receiving the Confidential Information in writing of the need to return such Confidential Information and not to further disseminate it. This provision applies to any and all Confidential Information produced to the Receiving Party.

16. <u>Limitations On The Non-Litigation Use Of Confidential Information.</u> The confidentiality of the Confidential Information exchanged during discovery in this action shall be maintained, and all Confidential Information exchanged will be used solely for the litigation of this action entitled. Specifically, the Receiving Party may not use such documents, records, or other information (or the contents thereof) for any other purpose, including use as background material, or for inclusion in books, magazines, newspapers, or other publications. The Receiving Party is prohibited from placing any of the Confidential Information on the Internet.

17. <u>Court Filings.</u> If necessary in the judgment of attorneys for Receiving Party, said attorneys may reveal, rely upon, or introduce the contents of the Confidential Information to the court only pursuant to Local Rule 79-5.

18. <u>Other Persons Authorized To Review Confidential Information.</u> The Receiving Parties' attorneys of record may be permitted to see originals and obtain copies of the Confidential Information covered by this Order. Also, Defendants, including officers, directors, employees, and experts thereof may be permitted to review the Confidential Information. Additionally, paralegals, secretaries, expert witnesses, and other individuals and entities that may be

1 employed or retained by the Receiving Party's attorneys to assist in the
2 preparation and/or the litigation of this action may be permitted to see originals
3 and obtain copies of the Confidential Information covered by this Order, provided
4 such experts and employees have first executed the written statement set forth in
5 Paragraph No. 20 below, and comply with the provisions of that section. Further,
6 mediators, arbitrators, or other individuals acting as neutrals in the alternative
7 dispute resolution process in this matter may be permitted to review any
8 Confidential Information.

9     19.    Court Hearings and Trial. Either party may use Confidential
10 Information at any court hearing or trial in the matter. Receiving Party will notify
11 Disclosing Party before any hearing or trial. Disclosing Party reserves the right at
12 such time to request that the Court issue appropriate limitations and restrictions, if
13 necessary, to protect the interests of Disclosing Party.

14     20.    Applicability Of Order To Other Persons. Prior to the disclosure of
15 any Confidential Information to any person described above, attorneys for the
16 Receiving Party who seeks to use or disclose such Confidential Information shall
17 first provide any such person with a copy of this Order, and shall cause him or her
18 to execute the following acknowledgment:

19     "I, _____, do solemnly swear that
20     I am fully familiar with the terms of the Stipulated Protective
21     Order entered in this action and hereby agree to comply with
22     and be bound by the terms and conditions of the said Order
23     with respect to the handling, use and disclosure of each
24     Confidential Document. I understand that I may be subject to
25     penalties for contempt of Court if I violate this Order and
26     hereby consent to the jurisdiction of said Court for purposes of
27     enforcing this Order.
28     Dated: _____ /s/_____ "

1 This written requirement applies to, but is not limited to, paralegals, secretaries, expert witnesses, and other individuals and entities that may be employed or retained by the Receiving Party's counsel to assist in the preparation and/or the litigation of this action. The Receiving Party shall be responsible for maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal.

21. <u>No waiver of objections.</u> Nothing in this Stipulation and Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or testimony or liability for payment of any costs of production or reproduction of documents. This Order also does not constitute a waiver by any party of any right to object to discovery or admission into evidence of any document, record, testimony or other information that is subject to this Order. Nor do Defendants waive any privileges, including, but not limited to, the investigatory files or official information privileges, *see, e.g., Weiner v. FBI*, 943 F. 2d 972, 985 (9th Cir. 1991), or *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992), by entering into this order.

22. <u>Subpoena for Confidential Information.</u> In the event that the Receiving Party receives a subpoena, discovery request, or other legal process seeking production of Confidential Information, the Receiving Party must give prompt written notice to the Disclosing Party. The Receiving Party shall inform the person or entity seeking the information of the existence of this Stipulation and Order and shall not produce the Confidential Information absent a Court Order requiring such production.

///
///

23. <u>Modification.</u> For good cause, any party may seek a modification of this Order, first by attempting to obtain the consent of the other parties to such modification, and then, absent consent, by application to this Court.

24. <u>Return of Confidential Information.</u> No more than thirty (30) calendar days after the conclusion of this case the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Information shall return all originals, copies of the Confidential Information, and material derived therefrom, including, but not limited to, all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of this Order pursuant to Paragraph No. 18 of this Order, to the Disclosing Party care of:

> Dennis M. Gonzales, Esq.
> Raymond W. Sakai, Esq.
> Lawrence Beach Allen & Choi, PC
> 100 West Broadway, Suite 1200
> Glendale, California 91210-1219

Alternatively, the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Information may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case. Additionally, within thirty (30) calendar days after the conclusion of this case, counsel for the Receiving Party shall send a signed declaration stating that such material has been destroyed pursuant to this Protective Order. This case has concluded when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

25. <u>Survivability Of This Protective Order.</u> This Stipulation and Protective Order shall survive the termination of this action~~, and the Court shall retain jurisdiction to enforce it.~~

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

Dated: December 5, 2014          DeWITT ALGORRI & ALGORRI

By ____/s/_____
    Mark S. Algorri
    Carolyn L. Tan
    Jonathan Lee
    Attorneys for Plaintiff
    Tonya Pate, an individual, and as the
    Successor in Interest to and surviving
    Spouse and heir at law, of Decedent,
    Eugene Robert Mallory

Dated: December 5, 2014          LAWRENCE BEACH ALLEN & CHOI, PC

By ____/s/_____
    Raymond W. Sakai
    Attorneys for Defendants
    County of Los Angeles, Sheriff
    Leroy D. Baca, Alfonso Bertieri, Jr.,
    John Bones, Israel Gonzalez, Nathan
    Grimes, Patrick A. Hobbs, Rod A.
    Kusch, John McKay, Robert
    Mittelbrun, Kristoffer J. Raniag,
    Jeff Siroonian, Bridgette J. Smith,
    Dustin Stillwell, and Pedro Velazquez

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: December 16, 2014          _/s/ Alicia G. Rosenberg_
    Magistrate Judge Alicia G. Rosenberg
    United States Magistrate Judge